982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brian K. LITTLEJOHN, Petitioner-Appellant,
v.
Michael A. NELSON; Attorney General of the State of Kansas,
Respondents-Appellees.
 No. 92-3062.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Brian K. LittleJohn appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Mr. LittleJohn is presently an inmate at Ellsworth Correctional Facility in Kansas, having been convicted of first degree murder and attempted aggravated robbery. In this action, he challenges his convictions on the basis that a statement made to police officers, and admitted at trial, was not freely and voluntarily given because it was made in response to police questioning after he allegedly made a request for counsel. He claims that use of the statement violated his due process rights guaranteed by the Fifth and Fourteenth Amendments, citing Edwards v. Arizona, 451 U.S. 477 (1981).
 
 
 3
 We review the ultimate conclusion on the voluntariness of a post-arrest statement under the de novo standard. Miller v. Fenton, 474 U.S. 104, 112 (1985). However, factual findings by the state trial and appellate courts are presumed correct under 28 U.S.C. § 2254(d) unless they are not fairly supported by the record. Church v. Sullivan, 942 F.2d 1501, 1516 (10th Cir.1991). After review of the record in this case, we find that the district court's denial of Mr. LittleJohn's petition was correct.
 
 
 4
 During his state court proceeding, Mr. LittleJohn filed a motion to suppress in which he first raised the due process claims. During the hearing on the motion, Mr. LittleJohn admitted that he did not specifically request counsel, but claimed that during an initial interrogation he asked an officer, "Am I, ain't I suppose to have an attorney?" Mr. LittleJohn argued that this statement, coupled with invoking his right to remain silent during the first interrogation, "indicated" that he wanted to consult with an attorney, therefore, the interrogation initiated by the police the following morning was prohibited by K.S.A. § 38-839 and the Edwards case. The interrogating police officers denied that Mr. LittleJohn had ever made such a request. Ultimately, the trial court found as a factual matter that he did not request counsel, and denied the motion.
 
 
 5
 On appeal, Mr. LittleJohn claims only that the invocation of his right to remain silent "indicated in any manner" that he wished to consult with an attorney as defined by K.S.A. § 38-839. We reject this argument as it would unnecessarily merge two of the four protections enumerated in the Miranda warnings. The right to remain silent and the right to have an attorney present during questioning are separate rights, and invoking one's right to terminate an interrogation is not equivalent to or indicative of a request for counsel. Consequently, we find that there is substantial evidence in the record supporting the trial court's conclusion that Mr. Littlejohn did not request counsel.
 
 
 6
 There remains another issue that was not explicitly addressed by the district court, i.e., whether Mr. LittleJohn's due process rights were violated by the police-initiated second interrogation when he had invoked his right to remain silent the previous day. The applicable test is whether the police scrupulously honored the suspect's right to cut off questioning. Michigan v. Mosley, 423 U.S. 96, 106 (1975). Other circuits have noted that whether the police satisfied this test requires a case-by-case analysis, but at a minimum the police must refrain from further questioning the suspect for a significant period of time. See Jacobs v. Singletary, 952 F.2d 1282 (11th Cir.1992); United States v. Udey, 748 F.2d 1231 (8th Cir.1984); United States v. Hernandez, 574 F.2d 1362 (5th Cir.1978). See also Jackson v. Dugger, 837 F.2d 1469 (11th Cir.1988) (suspect's being given Miranda warnings five times in six hours did not violate due process).
 
 
 7
 In denying Mr. LittleJohn's petition, the district court noted that:
 
 
 8
 "[T]he trial court found the petitioner was intelligent, able to understand the nature of the proceedings, filled out a waiver of [Miranda ] rights form declaring he would talk to the officer, displayed no difficulty in thinking, and was not physically distressed during the course of the interrogations. In addition, the court found that the officers complied with petitioner's request to cease discussion and terminated any further conversation."
 
 
 9
 Based on the record before us, we find that the police officers scrupulously honored Mr. LittleJohn's right to remain silent because they immediately terminated the initial interrogation upon his request and because the second interrogation did not occur until the following morning, after Mr. LittleJohn was given fresh Miranda warnings and signed a waiver.
 
 
 10
 We must conclude, as did the district court, that Mr. LittleJohn's incriminating statement was "freely and voluntarily given and not the result of promises or coercion sufficient to overbear his will." Thus, for substantially the same reasons as the district court gave, we hold that Mr. LittleJohn's due process rights were not violated by admission of his statement at trial.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED, and the motion for an expedited hearing is DENIED as moot.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3